IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARIO JOHNSON,

                    Plaintiff,                            No. 3:16-cv-00633-HZ

     v.

                                                  OPINION & ORDER

MULTNOMAH COUNTY
SHERIFF'S OFFICE,

                    Defendant.

Mario Lee Johnson
3727 South Thompson St. #4
Tacoma, WA 98418

      Plaintiff Pro Se

HERNÁNDEZ, District Judge:

      Pro se Plaintiff Mario Johnson brings this action against Defendant Multnomah County Sheriff's Office. Plaintiff moves to proceed *in forma pauperis* (IFP). While Plaintiff's IFP application lacks the requisite detail for this Court to determine whether Plaintiff qualifies, the Court grants the motion for the limited purpose of this initial review of Plaintiff's Complaint. For the reasons explained below, the Court dismisses the Complaint without prejudice. If Plaintiff chooses to submit an amended complaint, he must also submit an amended IFP application.

1- OPINION & ORDER

## BACKGROUND

Plaintiff's Complaint stems from three separate incidents. The following facts are as alleged in Plaintiff's Complaint. Complaint, ECF 2.

On November 22, 2014, Plaintiff was arrested. Plaintiff was booked into the Multnomah County Jail and then transferred to Multnomah County Inverness Jail. Plaintiff suffers from chronic medical conditions and requires oncology treatment and medication. During the intake process, Plaintiff informed medical staff of his treatment needs and was reassured that he would receive timely treatment. However, while incarcerated, Plaintiff did not receive the treatment he needed. He reported his symptoms daily and his family and friends contacted the jail; however, his requests were ignored. As a result, he became very ill. After begging the medical nurse to request the proper treatment, Plaintiff was sent to solitary confinement by the "jail doctor" and Deputy Bryant as punishment for questioning the nurse's medical knowledge. He remained there for a week, despite efforts to talk to jail staff, including Sergeant Peters. Furthermore, he continued to be denied treatment for the duration of his time in custody in the Inverness Jail.

On February 9, 2015, Plaintiff was transported by the Multnomah County Sheriff's Office from the Columbia River Correctional Institution (CRCI) to the Multnomah County Justice Center (MCJC). Plaintiff had in his possession "materially sensitive" legal documents related to the first incident described in this Complaint. Even though Plaintiff received approval from "county staff" to keep these legal documents within his control, a sergeant accosted Plaintiff, physically confined Plaintiff, and took his legal documents for several hours. When Plaintiff received the documents back, several documents were missing and duplicates of some documents were mistakenly returned to Plaintiff.

2- OPINION & ORDER

On February 12, 2015, Plaintiff was transported from the MCJC to Inverness Jail, on his way back to CRCI. While at Inverness, Deputy Bryant seized Plaintiff's legal documents and read them. Deputy Bryant and three other deputies were angered by what they read and they had an "overly aggressive reaction." Plaintiff was released from his holding cell and taken to another cell, where several deputies surrounded him and drew a privacy curtain to conceal their actions. Deputy Bryant tased Plaintiff, roughed him up, and dragged him to a vehicle. Plaintiff did not resist. Plaintiff was injured while being dragged to the vehicle and then was "thrown about in the vehicle during transport."

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such
> relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130–31.

## DISCUSSION

Plaintiff brings three claims against Defendant. Plaintiff alleges that the basis for jurisdiction for his complaint is "Federal Question," and he alleges that the following constitutional or statutory rights are at issue: "42 USC sections 1983/1981/1985/1986/1988, Eighth Amendment/Sixth Amendment/Fifth Amendment/Fourteenth Amendment Invasion of Privacy/Excessive Force." Compl. 3, ECF 2. Plaintiff does not identify which rights are at issue in each claim. If Plaintiff chooses to amend his Complaint after this Court dismisses it, he must identify for each claim which Constitutional or statutory right is at issue.

Liberally construed, Plaintiff's first claim alleges that, while incarcerated in Inverness Jail, he was denied adequate medical care by jail medical staff, Deputy Bryant, and Sergeant Peters. His second claim alleges that, while at MCJC, a sergeant took legal documents from him. His third claim alleges that, while at Inverness Jail, Deputy Bryant seized Plaintiff's legal documents and, along with several other deputies, injured Plaintiff by tasing him and dragging him to a vehicle for transport.

I.     **Plaintiff fails to state a 42 U.S.C. § 1983 claim because he does not allege that any of the injuries he suffered were caused by a custom or policy of Defendant.**

Plaintiff cites 42 U.S.C. § 1983 as one of the statutes under which he brings his claims against Defendant Multnomah County Sheriff's Office. Section 1983 does not create any substantive rights, but instead provides a vehicle for plaintiffs to bring federal constitutional and statutory challenges against actions by state and local officials. Naffe v. Frey, 789 F.3d 1030, 1035 (9th Cir. 2015).

4- OPINION & ORDER

"Local government entities are considered 'persons' for purposes of § 1983 and can be sued directly for monetary, declaratory, or injunctive relief where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers.'" Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting Monell v. Dep't of Soc. Servs. of New York City, 436 U.S. 658, 690 (1978)). However, a municipality "cannot be held liable under § 1983 on a *respondeat superior* theory," that is, "*solely* because it employs a tortfeasor." Monell, 436 at 691.

In order to hold Defendant liable under § 1983, Plaintiff must show (1) that he possessed a constitutional right of which he was deprived; (2) that the Multnomah County Sheriff's Office had a policy; (3) that the policy "amounts to deliberate indifference" to Plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." City of Canton v. Harris, 489 U.S. 378, 389-91 (1989). There also must be a "direct causal link" between the policy or custom and the injury, and Plaintiff must be able to demonstrate that the injury resulted from a "permanent and well settled practice." Anderson, 451 F.3d at 1067. See also Fotinos v. Fotinos, No. 14-15475, 2016 WL 1072351, at *1 (9th Cir. Mar. 18, 2016) (upholding dismissal of a § 1983 claim that "failed to allege facts to support a finding that any of the Defendants acted according to a formal governmental policy or a longstanding practice or custom of the local governmental entity").

Here, even assuming that Plaintiff could show that he possessed a constitutional right of which he was deprived, his claims fail because they lack any allegation that Defendant had a policy or that a policy amounted to deliberate indifference to Plaintiff's rights and was the moving force behind the constitutional violation. Without such an allegation, Plaintiff's claims

are nothing more than an effort to hold Defendant liable because it employs certain people, such as Deputy Bryant. Such liability is not available under Section 1983.

## II.   Plaintiff fails to state a claim under the other statutes listed in the Complaint.

Plaintiff also fails to state a claim under the other statutes he cites as the basis for federal jurisdiction: 42 U.S.C. §§ 1981, 1985, 1986, and 1988.

Plaintiff cannot assert claims under § 1981 because he does not allege facts to support a finding that his alleged mistreatment had anything to do with his race. See Jones v. Bechtel, 788 F.2d 571, 574 (9th Cir. 1986) (stating that § 1981 "provides an action for discrimination based on race").

Plaintiff cannot assert claims under § 1985 because he does not allege facts to support a finding that there was a conspiracy to interfere with certain civil rights. Section 1985 prohibits five categories of conspiracy. Three of the five categories of conspiracy relate to interference with the institutions and processes of the federal government: interfering with federal officers, § 1985(1); interfering with federal judicial proceedings, the first clause of § 1985(2); and interfering with federal elections, the second clause of § 1985(3). Kush v. Rutledge, 460 U.S. 719, 724 (1983). The other two categories primarily relate to interference with the institutions and processes of state government: conspiracies to obstruct the course of justice in state courts, the second clause of § 1985(2); and conspiracies to prevent state authorities from securing a person's equal protection of the laws, the first clause of § 1985(3). Id. at 725. None of Plaintiff's claims allege a conspiracy under § 1985.

Similarly, Plaintiff cannot assert claims under § 1986 claim because he lacks a valid § 1985 claim. See Zochlinski v. Regents of the Univ. of California, 578 F. App'x 636, 637 (9th Cir.

2014) (no § 1986 cause of action absent a valid § 1985 claim); <u>Trerice v. Pedersen</u>, 769 F.2d 1398, 1403 (9th Cir. 1985) (same).

Finally, Plaintiff cannot brings claims of constitutional violations under § 1988. The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizes the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429-30 (1983). The purpose of § 1988 is to ensure "effective access to the judicial process" for persons with civil rights grievances. <u>Id.</u> Accordingly, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." <u>Id.</u> At this stage of the proceeding, the Court determines that Plaintiff fails to state a claim upon which relief can be granted. Section 1988 is not implicated unless and until Plaintiff prevails in this case.

**III.    42 U.S.C. § 1983 is the proper vehicle for bringing Plaintiff's claims of constitutional violations.**

In addition to the statutes listed in Plaintiff's complaint, Plaintiff lists several constitutional amendments—the Fifth, Sixth, Eighth, and Fourteenth Amendments—and "invasion of privacy/excessive force" as further bases for federal jurisdiction. As discussed above, the proper vehicle for bringing claims of constitutional violations against Defendant is through a § 1983 action. For the reasons already explained, even accepting all facts alleged by Plaintiff as true, the allegations do not support a § 1983 claim.

**IV.    Plaintiff's motion to appoint counsel is denied.**

Finally, Plaintiff moves for a court-appointed attorney. There is no constitutional right to counsel in a civil case. <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335

(9th Cir. 1990); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. <u>Mallard v. United States Dist. Ct. of Iowa</u>, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim pro se in light of the complexity of the legal issues involved. <u>Wood</u>, 900 F.2d at 1335-36. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." <u>Wilborn</u>, 789 F.2d at 1331; <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, it is inappropriate to consider Plaintiff's request when the Court is dismissing the case. The Court denies the motion for appointment of counsel.


///


///


///


///


///


///


8- OPINION & ORDER

**CONCLUSION**

Plaintiff's application for leave to proceed IFP [1] is granted. Plaintiff's motion for appointment of counsel [3] is denied. Based on the foregoing, Plaintiff's Complaint [2] is dismissed. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint which cures the deficiencies noted may result in the dismissal of this proceeding with prejudice. In addition, if Plaintiff chooses to file an amended complaint, he must also file an amended application for leave to proceed IFP. The Court will reevaluate its decision to grant Plaintiff's IFP application at that juncture, based on the amended application.

IT IS SO ORDERED.

Dated this _____ day of _____, 2016

_____
MARCO A. HERNÁNDEZ
United States District Judge