IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARIO JOHNSON,

    Plaintiff,        No. 3:16-cv-00633-HZ

 v.

                 OPINION & ORDER

MULTNOMAH COUNTY
SHERIFF'S OFFICE,

    Defendant.

Mario Lee Johnson
3727 South Thompson St. #4
Tacoma, WA 98418

 Plaintiff Pro Se

HERNÁNDEZ, District Judge:

 On April 13, 2016, pro se Plaintiff Mario Johnson brought this action against Defendant Multnomah County Sheriff's Office. Plaintiff also moved to proceed *in forma pauperis* (IFP) and requested appointment of counsel. On April 20, 2016, this Court granted Plaintiff's application for leave to proceed IFP for the limited purpose of an initial review of Plaintiff's complaint, denied Plaintiff's motion for appointment of counsel, and dismissed Plaintiff's complaint with

1- OPINION & ORDER

leave to amend. Plaintiff submitted an amended complaint. However, it fails to comply with this Court's previous order and, therefore, the Court dismisses the amended complaint.

## BACKGROUND

Plaintiff's complaint stems from three separate incidents.[1] Liberally construed, Plaintiff's first claim alleges that, while incarcerated in Inverness Jail, he was denied adequate medical care by jail medical staff, Deputy Bryant, and Sergeant Peters. His second claim alleges that, while being held in the Multnomah County Justice Center, a sergeant accosted Plaintiff, physically confined Plaintiff, and took his legal documents for several hours. His third claim alleges that, while at Inverness Jail, Deputy Bryant seized Plaintiff's legal documents and, along with several other deputies, injured Plaintiff by tasing him and dragging him to a vehicle for transport. Plaintiff initially alleged that the basis for jurisdiction for his complaint was "Federal Question," and he alleges that the following constitutional or statutory rights are at issue: "42 USC sections 1983/1981/1985/1986/1988, Eighth Amendment/Sixth Amendment/Fifth Amendment/Fourteenth Amendment Invasion of Privacy/Excessive Force." Compl. 3, ECF 2.

The Court explained that, among other defects in Plaintiff's complaint,

> Plaintiff does not identify which rights are at issue in each claim. If Plaintiff chooses to amend his Complaint after this Court dismisses it, he must identify for each claim which Constitutional or statutory right is at issue.

Opinion & Order, April 20, 2015, ECF 5. The Court also found that Plaintiff failed to state a claim under any of the statutes he listed as the basis for jurisdiction.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

---

[1] Plaintiff's allegations were summarized in detail in this Court's April 20, 2015 Opinion & Order. See ECF 5.

>    (B) the action or appeal–
>    >    (i) is frivolous or malicious;
>    >    (ii) fails to state a claim on which relief may be granted; or
>    >    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130–31.

## DISCUSSION

### I. Plaintiff's complaint fails to comply with this Court's previous order.

The Court previously found that Plaintiff failed to state a claim under any of the statutes he cited as the basis for federal jurisdiction: 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988.

Plaintiff's amended complaint fails to provide any additional allegations to support his claims under §§ 1985, 1986, or 1988. Plaintiff was advised that failure to file an amended complaint which cured the deficiencies noted by the Court could result in dismissal with prejudice. Because Plaintiff failed to cure the defects as to his assertion that these statutes

provide a basis for jurisdiction, any claims based on §§ 1985, 1986, or 1988 are dismissed with prejudice.

As to Plaintiff's citation to §§ 1981 and 1983, Plaintiff's amended complaint supplements his original complaint with additional alleged facts. However, Plaintiff continues to fail to "identify which rights are at issue in each claim." See Opinion & Order, April 20, 2015, ECF 5. In addition, Plaintiff's amended complaint consists solely of "supplemental information" which must be read in conjunction with his original complaint in order to understand his allegations. The Court is still unable to evaluate, for each of Plaintiff's three claims, which constitutional or statutory right is allegedly at issue.

The Court will provide Plaintiff with one more opportunity to amend his complaint. If Plaintiff chooses to do so, he must comply with the following instructions. Plaintiff must submit a second amended complaint that contains all of the factual allegations, bases for jurisdiction, and claims in one document. The Court will not go back to look at Plaintiff's original complaint or first amended complaint. The second amended complaint will be considered as a "stand-alone" document and, therefore, Plaintiff should include everything he wants the Court to consider in that document.

In addition, for each of Plaintiff's three claims, he must state which constitutional or statutory right is at issue. For example, if Plaintiff brings a claim based on inadequate medical care, he should state that he brings the claim under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. Then, in the "supporting facts" section of the complaint form, Plaintiff should describe all of the factual allegations in support of his claim of inadequate medical care. Plaintiff should not include claims brought under §§ 1985, 1986, or 1988, as those are dismissed.

4- OPINION & ORDER

## II.  Plaintiff must provide additional details on his IFP application.

Plaintiff's IFP application states that Plaintiff has not worked since June of 2008, nor does he have a spouse or significant-other who is employed. Plaintiff states that he has not received any money from any source in the last 12 months and does not own any real estate, stocks, bonds, securities, other financial instruments, automobiles, valuable property, or any other assets. However, Plaintiff lists regular monthly expenses such as housing, utilities, student loans, medical bills, and "other bills." Am. IFP App. 3-4, ECF 9. Plaintiff does not provide any explanation for how he is able to pay these expenses in the absence of an income or other source of money.

The Court is unable to determine whether to grant Plaintiff IFP status based on this application. Plaintiff has failed to allege facts that would support a finding of poverty with any degree of certainty. See United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (quoting Jefferson v. United States, 277 F.2d 723, 725 (9th Cir.1960)) (noting that applicants under § 1915 must demonstrate their poverty with "some particularity, definiteness and certainty").

## III.  Plaintiff's motion to appoint counsel is denied.

Plaintiff once again moves for a court-appointed attorney. As discussed in this Court's prior opinion, it is inappropriate to consider Plaintiff's request when the Court is dismissing the case. The Court denies the motion for appointment of counsel.

## CONCLUSION

Plaintiff's amended application for leave to proceed IFP [9] is granted solely for the limited purpose of evaluating Plaintiff's amended complaint. Plaintiff's motion for appointment of counsel [8] is denied. Based on the foregoing, Plaintiff's amended complaint [7] is dismissed.

Plaintiff may file a second amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint which cures the deficiencies noted may result in the dismissal of this proceeding with prejudice. In addition, if Plaintiff chooses to file an amended complaint, he must also file an amended application for leave to proceed IFP that complies with this Court's order. The Court will reevaluate its decision regarding Plaintiff's IFP status at that juncture, based on the amended application.

IT IS SO ORDERED.

Dated this \_\_\_\_\_7\_\_\_\_\_ day of \_\_\_June\_\_\_, 2016

_____
MARCO A. HERNÁNDEZ
United States District Judge

6- OPINION & ORDER